IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| YVONNE R. MURPHY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 5:04CV318 (DF) |
| | : | |
| WASHINGTON COUNTY BOARD OF EDUCATION, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

On September 28, 2004, Plaintiff Yvonne R. Murphy filed this lawsuit against Defendant Washington County, Georgia, Board of Education, alleging discrimination based on race and disability in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-2, and the Americans With Disabilities Act, 42 U.S.C.A. § 12112, respectively, for Defendant's failure to hire her.  Plaintiff is acting pro se.

Currently pending before the Court is Defendant's Motion to Dismiss (tab 11), to which Plaintiff has not responded.  Defendant contends that Plaintiff's suit should be dismissed because it was untimely filed (more than 90 days after Plaintiff received her right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC")) and because, under Georgia law, Defendant is not a party capable of being sued.

Because Plaintiff is representing herself and because she did not respond to Defendant's motion, the Court, on April 13, 2005, entered an order directing Plaintiff to appear in court at 10:30 a.m. on May 5, 2005, to show cause why her suit should not be

dismissed. That show-cause hearing was held this morning, as scheduled, but Plaintiff was not in attendance. The Court waited on Plaintiff to arrive until 10:45 a.m., at which point the Court allowed Defendant to present its motion orally for the record.

Title VII gives an aggrieved party 90 days from the receipt of a right-to-sue letter from the EEOC in which to file a civil action. An action filed outside of that period is barred unless there is some basis for applying principles of equitable tolling to the 90-day filing requirement. It is evident from the face of the complaint that Plaintiff filed this suit on the 91st day after receiving her right-to-sue letter from the EEOC. The burden of establishing facts that would warrant equitable tolling is on Plaintiff. The Court did everything in its power to give Plaintiff an opportunity to oppose Defendant's motion to dismiss. Plaintiff did nothing. Therefore, because Plaintiff's lawsuit was untimely filed, and because she failed to show why the filing deadline should be tolled, the Court finds that dismissal of Plaintiff's suit is appropriate.

Accordingly, Defendant's motion to dismiss is hereby **GRANTED** and Plaintiff's lawsuit is hereby **DISMISSED** with prejudice.

SO ORDERED, this 5th day of May, 2005.

/s/ **Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/sew